UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JUAN MADERA, §
Fed. Reg. No. 42253-424, §
    Petitioner, §
§
v. §   EP-11-CV-482-FM
§   EP-10-CR-1562-FM-3
§
UNITED STATES OF AMERICA, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER
## REIMPOSING JUDGMENT IN A CRIMINAL CASE

In a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence [ECF No. 234],[1] Movant Juan Madera ("Madera") challenges his conviction for conspiring with others to launder money. Madera asserts, under penalty of perjury, that his retained counsel provided constitutionally ineffective assistance by, *inter alia*, failing to file a requested notice of appeal.

The Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.[2] Moreover, "[t]he right to counsel is the right to the effective assistance of counsel."[3] To merit relief pursuant to § 2255 on an ineffective assistance of counsel claim, a movant must demonstrate both (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced his defense.[4] A failure to establish either prong of this test requires a finding that counsel's

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-10-CR-1562-FM-3.

[2] U.S. CONST. art. VI.

[3] *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[4] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

performance was constitutionally effective.[5]

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[6] Additionally, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[7] "[W]hen counsel fails to file a requested appeal, a defendant is entitled to appeal without showing that his appeal would likely have had merit."[8]

Because Madera filed his § 2255 motion only sixty-eight days after the Court entered its judgment in his criminal case, the Court finds the preponderance of the evidence[9] supports a conclusion that Madera's retained counsel failed to file a requested notice of appeal, and that Madera is entitled to an out-of-time appeal.[10] In the Fifth Circuit "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"[11] and reinstating the petitioner's judgment of conviction to reset the time of which his appeal should run.[12] This procedure remedies counsel's deficiency by providing a § 2255 movant with the

---

[5] *Id.* at 696.

[6] *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (citing *Strickland*, 466 U.S. at 690).

[7] *Id.* at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)).

[8] *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

[9] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[10] *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).

[11] *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001).

[12] *Mack v. Smith*, 659 F.2d 23, 26 (5th Cir. Unit A 1981).

opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(I).[13]

The Court accordingly enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Movant Juan Madera's *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [Docket No. 234].

2. The Court **REINSTATES** its judgment in a criminal case [Docket No. 218], entered in Cause Number EP-10-CR-1562-FM-3, as of the date a final judgment is entered in the instant civil cause, recommencing the period for filing a timely notice of appeal set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

3. The Court **DENIES** all relief not specifically granted regarding Movant Juan Madera's motion.

4. The Court **DENIES AS MOOT** all pending motions in the above-numbered causes, if any.

**SO ORDERED.**

SIGNED on this ___7___ day of November 2011.

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**

---

[13] The Fifth Circuit sanctions this procedure, noting the distinction between the judicial and statutory remedy. See *West*, 240 F.3d at 459.